**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SCOTT EPSTEIN, | CIVIL ACTION NO. 09-1567 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., et al., |  |
| Defendants. |  |

**THE PLAINTIFF** brought this action on April 2, 2009, concerning his "lifetime bar from the securities industry" against the defendants, (1) Financial Industry Regulatory Authority, Inc. ("FINRA"), formerly known as National Association of Securities Dealers, Inc. ("NASD"), (2) FINRA Department of Enforcement, (3) Mary L. Schapiro, (4) Michael Newman, (5) Alan W. Heifetz, and (6) Amy Mosho.  (Dkt. entry no. 1, Compl. at 5.)  The plaintiff asserts (1) the "causes of action arise from questions under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and questions under Federal Securities Law" ("Purported Federal Claims"), and state law ("State Claims") (id. at 2), and (2) jurisdiction under 28 U.S.C. §§ ("Sections") 1331 and 1332.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007).

**THE PLAINTIFF** asserts that he is a New Jersey citizen, but fails to assert the citizenship — as opposed to the residency,

place of licensure, or place of business — of any defendant as of April 2, 2009, and thus fails to properly invoke jurisdiction under Section 1332. (Compl. at 3-5.) See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); see also Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004) (stating facts existing at the time of filing determine citizenship); S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"); see also 28 U.S.C. § 1332(c)(1) (stating corporation's citizenship determined by state of incorporation and its principal place of business). Also, the plaintiff asserts that "[s]everal of the parties involved in this litigation reside, and are located in New Jersey" (Compl. at 1), and thus it appears from the face of the Complaint that the plaintiff suspects that he is not a "citizen[] of [a] different State[]" in relation to each defendant. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship under Section 1332 is required. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"). When a plaintiff is represented

2

by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004). The Court will dismiss the Complaint insofar as it asserts jurisdiction under Section 1332.

**THE PLAINTIFF** asserts that some of the Purported Federal Claims arise under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. To assert such claims, a plaintiff must allege that the conduct at issue (1) was committed by a party acting under color of state law, and (2) deprived the plaintiff of a right secured by federal laws or the Constitution. Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); see Mark v. Bor. of Hatboro, 51 F.3d 1137, 1141-42 (3d Cir. 1995) (stating party is subject to liability only when that party acts under color of state law, and thus state government may be construed as being responsible for conduct at issue). Also, "deciding whether there has been state action requires an inquiry into whether there is a sufficiently close nexus between the State and the challenged action of [defendants] so that the action of the latter may fairly be treated as that of the State itself". Mark, 51 F.3d at 1142 (quotes omitted); see Banks-Bennett v. O'Brien, 293 Fed.Appx. 108, 109 (3d Cir. 2008) (dismissing appeal from order dismissing claim brought under Due Process Clause of Fourteenth Amendment, as no indication that challenged conduct occurred under color of state

law), cert. denied, No. 08-8404, 2009 WL 735758 (U.S. Mar. 23, 2009). There is no cause of action for merely private conduct, no matter how discriminatory or wrongful. St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006); see Crissman v. Dover Downs Entm't, 289 F.3d 231, 243 (3d Cir. 2002) (stating private entities not converted into state actors merely because they receive funding from, and are regulated by, a state).

**FINRA**, formerly known as NASD, and its employees — such as Schapiro, Newman, Heifetz, and Mosho — are not state actors. See Perpetual Secs. v. Tang, 290 F.3d 132, 137-39 (2d Cir. 2002); D.L. Cromwell Invs. v. NASD Regulation, 279 F.3d 155, 162 (2d Cir. 2002) (stating "[i]t has been found, repeatedly, that the NASD itself is not a government functionary"); Desiderio v. Nat'l Ass'n of Sec. Dealers, 191 F.3d 198, 206 (2d Cir. 1999); Shrader v. Nat'l Ass'n of Sec. Dealers, No. 94-1902, 1995 WL 311570, at *1 (4th Cir. May 22, 1995) (affirming on district court reasoning at 855 F.Supp. 122, 124 (E.D.N.C. 1994)); First Jersey Secs. v. Bergen, 605 F.2d 690, 699 n.5 (3d Cir. 1979) (stating "NASD is not a state agency; therefore, [plaintiff] is unable to state a claim under section 1983"); Marchiano v. Nat'l Ass'n of Sec. Dealers, 134 F.Supp.2d 90, 95 (D.D.C. 2001); Meyers v. Nat'l Ass'n of Sec. Dealers, No. 95-75077, 1996 WL 1742619, at *8 (E.D. Mich. Mar. 29, 1996); Bahr v. Nat'l Ass'n of Sec. Dealers, 763 F.Supp. 584, 589 (S.D. Fla. 1991). Thus, the Court will dismiss the Complaint, insofar as

the Purported Federal Claims assert constitutional violations, for lack of jurisdiction under Section 1331.[1]

**THE PLAINTIFF** asserts that the remaining Purported Federal Claims arise under federal securities law.  But nine of the eleven causes of action do not seek relief under a federal securities statute, rule, or regulation.  (See Compl. at 75, 1st Cause of Action; id. at 86, 2nd Cause of Action; id. at 101, 3rd Cause of Action; id. at 107, 4th Cause of Action; id. at 115, 6th Cause of Action; id. at 122, 7th Cause of Action; id. at 131, 8th Cause of Action; id. at 145, 10th Cause of Action; id. at 148, 11th Cause of Action.)  Federal law does not create these causes of action, as the possibility of federal issues underlying a claim will not give rise to federal jurisdiction.  See Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12, 27-28 (1983); Blum v. Seiler Corp., No. 92-2317, 1992 WL 177021, at *2 (E.D. Pa. July 17, 1992) (dismissing claim because plaintiff failed to clarify basis

---

[1] See also Am. Benefits Group v. Nat'l Ass'n of Sec. Dealers, No. 99-4733, 1999 WL 605246, at *8 (S.D.N.Y. Aug. 10, 1999); Coleman v. Nat'l Ass'n of Sec. Dealers, No. 99-248, 1999 WL 305100, at *2 n.2 (S.D.N.Y. May 14, 1999) (stating plaintiff cannot raise claims based on Due Process Clauses of Fifth Amendment and Fourteenth Amendment, as "NASD is not a state actor, [and thus] plaintiff's constitutional arguments do not apply"); Graman v. Nat'l Ass'n of Sec. Dealers, No. 97-1556, 1998 WL 294022, at *2-*3 (D.D.C. Apr. 27, 1998); Datek Sec. Corp. v. Nat'l Ass'n of Sec. Dealers, 875 F.Supp. 230, 233-34 (E.D.N.Y. 1995); First Heritage Corp. v. Nat'l Ass'n of Sec. Dealers, 785 F.Supp. 1250, 1251 (E.D. Mich. 1992).

for federal jurisdiction).  Mere incorporation by reference of federal law into a state law claim does not transform it into one presenting a federal question.  See Empire Healthchoice Assur. v. McVeigh, 547 U.S. 677, 699-701 (2006); see JVC Ams. Corp. v. CSX Intermodal, 292 F.Supp.2d 586, 592 (D.N.J. 2003) (stating action to be remanded when federal law merely referenced or mentioned in claim); Becker v. Muriel Siebert & Co., No. 97-1370, 1998 WL 209620, at *1-*2 (S.D.N.Y. Apr. 29, 1998) (dismissing breach-of-stock-purchase-contract claim for lack of jurisdiction since it did not present federal question); Hunter v. Greenwood Trust Co., 856 F.Supp. 207, 214 (D.N.J. 1992) (remanding state consumer fraud claim, even though complaint cited federal banking law).

**THE FIFTH** cause of action asserts that the defendants conspired to abuse the NASD disciplinary process, and the ninth cause of action asserts that they conspired to violate NASD Rule 9251.  (Compl. at 112, 139.)  But the plaintiff presents the causes of action in terms of "violation[s] of [the] Constitutional right to due process of the law and a fair hearing", and "disregard for and deliberate indifference to . . . Constitutional rights".  (Id. at 113-14; see id. at 142-44.)  As discussed above, claims asserting constitutional violations against these defendants are barred.  To the extent that these causes of action may be read to arise under federal securities law, they are barred; the exclusive remedy on such claims after a FINRA disciplinary decision is to

6

exhaust remedies through (1) an appeal to the Securities and Exchange Commission ("SEC") (which the plaintiff has done), and (2) a direct petition to the Third Circuit Court of Appeals (which is pending under Epstein v. Securities & Exchange Commission, 3d Cir. No. 09-1550).  (Id. at 5-6.)  See Swirsky v. Nat'l Ass'n of Sec. Dealers, 124 F.3d 59, 61-63 (1st Cir. 1997).  Any of the alleged constitutional or statutory errors will be examined by the Court of Appeals.  See id. at 63; First Jersey Sec., 605 F.2d at 696; Marchiano, 134 F.Supp.2d at 95.[2]  Thus, the Court will dismiss the Complaint, insofar as the Purported Federal Claims allegedly arise under federal securities law, for lack of jurisdiction under Section 1331.[3]

---

[2]  It also appears that there is no private cause of action against the defendants for violating their own rules.  See MM&S Fin. v. Nat'l Ass'n of Sec. Dealers, 364 F.3d 908, 910-11 (8th Cir. 2004); 10-28-04 Order, Matyuf v. NASD Dispute Resolution, No. 04-540 (W.D. Pa. Oct. 28, 2004) (adopting Report and Recommendation, found at 2004 WL 2915304, at *3 (W.D. Pa. Oct. 4, 2004)).  Furthermore, the claims herein are duplicative of the claims already being prosecuted in the Third Circuit Court of Appeals.  See Epstein v. Securities & Exchange Commission, 3d Cir. No. 09-1550, dkt. entry no. 1, 2-26-09 Pet. for Review; id., dkt. entry no. 5, 3-11-09 Concise Summary of Case.

[3]  As to any claims for declaratory relief, the Declaratory Judgment Act, Section 2201, "does not and cannot serve as an independent basis for federal jurisdiction".  TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).

**THE COURT** will dismiss the Complaint insofar as it asserts State Claims, but without prejudice to the plaintiff to recommence the action insofar as it concerns the State Claims in state court within thirty days of entry of the Court's Order and Judgment, as the limitations period for the cause of action is tolled by the filing of a federal complaint. See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal law claims); see also Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning survival of state law claims when dismissed for lack of Section 1332 jurisdiction); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980) (same).  The Court offers no opinion on the merits or the viability of the State Claims, or any affirmative defenses thereto.

**IF THE PLAINTIFF** seeks reconsideration of the Court's decision, then he will do so at his own peril; the Court will not extend the thirty-day period to proceed in state court.[4]  But the plaintiff, if moving for reconsideration, must simultaneously move for leave to file an amended complaint.  The Complaint, excluding the 111 pages of exhibits, contains 152 pages of text.  The Complaint (1) is filled with extraneous information, (2) does not present the causes of action until the seventy-fifth page, and

---

[4]  The plaintiff can bring a protective action in state court, as "[t]here is nothing necessarily inappropriate . . . about filing a protective action". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005).

(3) violates the Federal Rules of Civil Procedure concerning pleadings.  <u>See</u> Fed.R.Civ.P. 8(a)(2) (stating pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"), 8(d)(1) (stating "[e]ach allegation must be simple, concise, and direct").

**THE COURT** will issue an appropriate Order and Judgment.

                                            <u>s/ Mary L. Cooper</u>
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:  April 9, 2009